UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

LINH THI MINH TRAN,

Plaintiff,

v.

DARRYN J. KUEHL, BENJAMIN J. TOOPS and RYAN KERSEY,

Defendants.

Case No. 3:16-cv-707-AC

FINDINGS & RECOMMENDATION

---

ACOSTA, Magistrate Judge:

*Introduction*

Pro se plaintiff Linh Thi Minh Tran ("Tran") filed this action against Defendants Darryn J. Kuehl ("Kuehl"), Benjamin J. Toops ("Toops"), and Ryan Kersey ("Kersey") (collectively, "Defendants"), asserting constitutional violations under 42 U.S.C. § 1983 and Oregon common-law torts. Defendants move to dismiss Tran's complaint for non-compliance with federal pleading standards and failure to state a claim. Tran's complaint primarily contains legal conclusions, with

some factual elaboration. As discussed below, the conclusory nature of Tran's complaint requires its dismissal with leave to amend.

*Factual Background*

The following is the general factual context of this action, based on the limited factual allegations in the complaint.

Tran owns property in Happy Valley, Oregon ("the Property"). She is of Vietnamese origin. In December 2015, Brent Phillip Lackey ("Lackey"), a hot-water-heater repairman, called the Happy Valley Police from the Property.[1] Happy Valley Police Officers Kuehl and Toops responded to Lackey's call. Lackey made a false statement to Kuehl and Toops. Based on Lackey's false statement, Kuehl and Toops arrested Tran. Kuehl and Toops used an unspecified type of force to turn off a video recording Tran was creating and arrest her.[2] Tran suffered bruising on her chest and neck, shortness of breath, and chest pain because of Kuehl and Toops' use of force.

During the arrest, Tran requested medical assistance from a female, which Kuehl and Toops did not provide. It is unclear whether Keuhl and Toops provided other medical assistance. Tran also requested a female officer perform any body search. Kuehl ignored her request, and searched Tran. While searching Tran, Kuehl touched her pants, underwear, buttocks, and genitals. Kuehl told Tran he would take her to jail even if she was correct in her dispute with Lackey. Kuehl also stated he did not believe Tran because she was Vietnamese. Kuehl and Toops transported Tran to jail in Oregon

---

[1] Lackey is not a party to this action. Tran filed a civil action in Multnomah County Circuit Court against Lackey's employer, Stan the Hot Water Man, case number 16CV19058, based on the events at issue in this case.

[2] Tran's complaint includes two URLs to YouTube.com, a video hosting site. Whether these URLs link to the video recording Tran references in her complaint is unclear — the URLs were non-functional when the court attempted to review them.

City. While in jail, Tran did not receive medical assistance, warm clothing, a warm blanket, food, or water. Tran does not state how long she was held in jail.

Tran's remaining factual allegations are particularly difficult to understand. She seems to allege Kuehl and Toops attempted to conceal their conduct towards Tran by filing her criminal charges under an unknown male identity, based on the presence of a male pronoun in an "Agreement and Release on Recognizance" form Tran signed. Tran also alleges Kersey told unspecified persons that the Property would soon be foreclosed upon. No foreclosure had occurred when Tran filed her complaint. She also alleges Kuehl and Toops arrested her to facilitate Kersey's improper foreclosure on her property.

*Legal Standard*

Federal Rule of Civil Procedure ("Rule") 8 requires complaints in federal court to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Pleadings must contain sufficient factual allegations "to raise a right to relief above a speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court may dismiss a complaint under Rule 8 if the complaint is so conclusory, confusing, or wordy that a defendant cannot reasonably frame a responsive pleading. *Hearns v. San Bernadino Police Dep't*, 530 F.3d 1124, 1130–32 (9th Cir. 2008). Dismissal for failure to comply with Rule 8(a)(2) does not resolve the merits of a case. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (Rule 8 "applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)."). The court must grant leave to amend when dismissing under Rule 8(a)(2) unless the plaintiff repeatedly files complaints that are noncompliant. The court construes pro se pleadings liberally and gives pro se plaintiffs the benefit of any doubt. *Butler v. Long*, 752 F.3d 1177, 1180 (9th Cir. 2014).

Nonetheless, pro se plaintiffs must comply with Rule 8. *Johnson v. Williams*, No. CV 07-1659-KI, 2008 WL 803023, at *1 (D. Or. Mar. 21, 2008).

*Analysis*

Defendants, in their respective motions, seek to dismiss Tran's complaint for failure to comply with Rule 8's pleading requirements and for failure to allege any plausible causes of action. Tran contends she alleges sufficient facts to state a claim against all defendants. For the reasons that follow, the court should grant Defendants' motions, with leave to amend.

Defendants first argue Tran fails to satisfy Rule 8's requirements because her complaint is conclusory and contains significant redundant material. Tran maintains that the complaint shows her entitlement to relief. Rule 8 requires a plaintiff to state "a short and plain statement of the claim showing the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Courts should dismiss complaints that are excessively "verbose, confusing, and . . . conclusory." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). A complaint is not subject to dismissal for noncompliance with Rule 8 due to length or excessive detail alone. *Hearns v. San Bernadino Police Dep't*, 530 F.3d 1124, 1131–32 (9th Cir. 2008). Instead, a court may dismiss a complaint under Rule 8 if it does not allow the defendant sufficient notice of the factual basis of the plaintiff's claim. *Id.* at 1130.

Tran's complaint does not comply with Rule 8. She alleges many causes of action with no more than a legal conclusion. For example, Tran alleges Kuehl and Toops "used unnecessary excessive force toward [Tran]." (Compl., ECF No. 1, at 4.) To properly allege a claim for unconstitutionally excessive force, Tran must allege facts supporting her claim, such as what force the officers used and which circumstances rendered the force unnecessary. *See Graham v. O'Connor*, 490 U.S. 386, 397 (1989) (the constitutionality of force used to effect an arrest depends

on "the facts and circumstances confronting" an officer). Without some factual elaboration, Tran's claim is conclusory, and thus non-compliant with Rule 8. *Nevijel*, 651 F.2d at 674. Tran similarly alleges an unlawful search, misconduct surrounding foreclosure allegations, and malicious prosecution, all without a plain statement of factual allegations supporting each claim.

As a whole, Tran's complaint lacks sufficient factual substantiation, failing to provide Defendants fair notice of the factual basis for Tran's claims. *Hearns*, 530 F.3d at 1130. A conclusory complaint unduly burdens the defendant and the court with sifting through the complaint to formulate "'the short and plain statement' which Rule 8 obligated plaintiff[] to submit." *See McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir. 1996), *quoting* FED. R. CIV. P. 8(a)(2). Therefore, instead of combing through Tran's complaint in search of facts substantiating some of her legal conclusions, the court should dismiss Tran's complaint without prejudice and with leave to file an amended complaint that complies with Rule 8. *See Gottshalk v. City and County of San Francisco*, 964 F. Supp. 2d 1147, 1155 (N.D. Cal. 2013) (dismissing under Rule 8 a pro se complaint that "consists in large part of unsupported conclusory allegations").

The court should not consider Defendants' motions to dismiss for failure to state a claim under Rule 12(b)(6). As currently pleaded, the complaint reflects a general failure to allege claims with the factual support Rule 8 requires, not a failure to sufficiently allege individual claims. *McHenry*, 84 F.3d at 1179. Tran does allege facts supporting some of claims for relief, such as her allegations of racial animus regarding her arrest. But "dismissal for failure to comply with Rule 8(a) does not depend on whether the complaint is wholly without merit." *Id.* Tran's complaint should be dismissed without prejudice, to allow Tran to replead her claims in a manner sufficient for Defendants to respond to the merits of her claims.

If Tran files an amended complaint, she must comply with Rule 8. Rule 8 requires a plaintiff to allege short, plain statements of fact showing the elements of any causes of action. Legal conclusions alone in a complaint are insufficient to show an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("While legal conclusions can provide the framework of a complaint, they must by supported by factual allegations."). Assertions that conduct was unlawful or wrongful are insufficient without specific factual support. *Id.* at 680–81.

As a final matter, some of Tran's filings with the court merit discussion. Tran filed three responses to Defendants' motions. (ECF Nos. 32, 34, 36.) The Local Rules of Civil Procedure ("Local Rules") in this district restrict briefing on a motion to one response by the non-moving party and one reply by the moving party, unless the court authorizes further briefing. LR 7-1(e). In this case, the Local Rules allowed Tran only two responses — one to Kuehl and Toops' joint motion, and one to Kersey's motion. Tran should comply with the Local Rules in future motions practice.

Tran also attached additional documents and alleged further facts in her responses. The court cannot consider new factual allegations raised in responsive pleadings. *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.2 (9th Cir. 1998). Relatedly, Tran filed a document titled "Proofs of New Evidence," with two video recordings attached, long after the court took this matter under advisement. (ECF No. 38, filed Dec. 1, 2016.) But Defendants' motions challenge the sufficiency of Tran's pleadings; evidence is unnecessary at this stage. The court is unaware of any federal case allowing video exhibits to stand in the place of sufficient factual allegations, let alone video exhibits filed separately from the complaint. Tran should include any relevant factual allegations in her amended complaint.

/////

*Conclusion*

The court should GRANT Kuehl and Toops Motion to Dismiss (ECF No. 12) and Kersey's Motion to Dismiss (ECF No. 19), with leave to amend. The court should allow Tran to file an amended complaint curing the deficiencies noted above, within 30 days of the court's order.

*Scheduling Order*

The Findings and Recommendation will be referred to a district judge for review. Objections, if any, are due January 23, 2017. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 5th day of January, 2017.

JOHN V. ACOSTA
United States Magistrate Judge