UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

LINH THI MINH TRAN,

               Plaintiff,

    v.

DARRYN J. KUEHL;
BENJAMIN J. TOOPS;
and RYAN KERSEY,

               Defendants.

Case No. 03:16-CV-00707-AC

OPINION AND ORDER

_____

ACOSTA, Magistrate Judge:

*Introduction*

Pro se plaintiff Linh Thi Minh Tran ("Tran") filed suit against defendants Darryn J. Kuehl ("Kuehl"), Benjamin J. Toops ("Toops"), and Ryan Kersey ("Kersey") (collectively, "Defendants"), asserting constitutional violations under 42 U.S.C. § 1983. Currently before the court are Tran's

Motion to Stay the Instant Case Pending a State Court Appeal (ECF No. 107), and Kersey's Request for Judicial Notice of Tran's State Court Conviction (ECF No. 114). The court should grant Kersey's request for judicial notice and deny Tran's motion to stay.

*Background*

The relevant facts appear in Tran's complaint, which the court liberally construes in her favor, and in this court's prior Findings and Recommendation. On December 23, 2015, a repairman visited Tran's residence to repair her water heater. (Am. Compl., ECF No. 52, at 54.) After an altercation, the repairman called 9-1-1, and Happy Valley Police Officers Kuehl and Toops responded to the call at Tran's residence. (*Id*. at 58.) Tran alleges Kuehl and Toops then arrested her for theft of services and harassment, based on the repairman's false allegations. (Findings and Recommendation ("F&R"), ECF No. 45, at 2.) She claims Kuehl and Toops used excessive force during the arrest, which resulted in bruising on her chest and neck, shortness of breath, and chest pain. (F&R, at 2.) During the arrest, Tran requested medical assistance from a female, which Kuehl and Toops did not provide. (*Id*). Tran also requested a female officer perform any body search, but Kuehl ignored her request and searched her. (*Id*.) While searching Tran, Kuehl touched her pants, underwear, buttocks, and genitals. (*Id*.) When transferred to jail, Tran did not receive medical assistance, warm clothing, a warm blanket, food, or water. (*Id*. at 3.)

That same day, Happy Valley Code Compliance Supervisor Ryan Kersey visited Tran's residence to investigate a suspected zoning ordinance violation, and informally warned Tran's "tenants" about the observed violation. (Mot. to Dismiss, ECF No. 56, at 8.) Tran alleges Kersey illegally worked or acted on behalf of the bank and threatened her property, saying the "property would be foreclos[ed] very soon by [the] bank[] and everyone would receive eviction notice[s] to

move out." (Am. Compl., at 6.) Kersey's actions caused mental health issues for Tran, including "anxiety, depression, severe stress, vision [reduction] . . . and high[] blood pressure." (Am. Compl., at 7.) Tran believes Kuehl and Toops arrested her to facilitate Kersey's improper foreclosure on her property. (F&R, at 3.)

In January 2016, Clackamas County prosecutors charged Tran with theft of services, harassment, and resisting arrest. (*Id*. at 12–13.) Tran was later convicted in Clackamas County Circuit Court of harassment and resisting arrest ("Arrest Conviction"). (Clackamas County Circuit Court Case No. 16CR03390 (Sept. 26, 2017); *see* ECF No. 110, at 11–12.) Tran timely filed an appeal and that appeal remains pending with the Oregon Court of Appeals. (*Id*. at 1; *see* Oregon Court of Appeals Case No. A166044.)

In April 2016, Tran filed this lawsuit asserting constitutional violations under 42 U.S.C. § 1983 stemming from her 2015 arrest. (Compl., ECF No. 2, Ex. 2, at 1.) Tran alleges the officers discriminated against her on the basis of nationality and gender, and used excessive force to make a false arrest. (*Id*. at 2–4.) Tran also alleges she was denied medical attention during her arrest and time in jail. (*Id*. at 4–5.)

In January 2017, the Clackamas County Circuit Court convicted Tran of operating a rooming house in a residential neighborhood ("Zoning Conviction"). (Clackamas County Circuit Court Case No., 16V183928, ECF No. 115, at 8.) Tran appealed that conviction, and in December 2017, the Oregon Court of Appeals affirmed without an opinion the lower court's decision. *Happy Valley Mun. Ct. v. Tran*, 289 Or. App. 377 (2017). Later, the Supreme Court of Oregon denied a writ of certiorari to hear the appeal. *Happy Valley Mun. Ct. v. Tran*, 362 Or. 860 (2018).

Defendants Kuehl, Toops, and Kersey have filed motions to dismiss. (*See* Kersey's Mot.

to Dismiss, ECF No. 56; Toops & Kuehl's Mot. to Dismiss, ECF No. 61.) These motions remain pending before the court. Tran now moves to stay this case pending the appeal of her criminal conviction. (Pl.'s Mot. to Stay, ECF No. 107.)

*Preliminary Procedural Matters*

Tran's Zoning Conviction was affirmed without an opinion by the Oregon Court of Appeals on December 13, 2017. Kersey now requests the court judicially notice the appellate court's decision. (Kersey's Req. for Jud. Notice, ECF No. 114.) Kersey argues that the basis Tran asserts to support her request for a stay, the Arrest Conviction, does not involve him. He observes that the only proceeding he is a part of, the Zoning Conviction, has been affirmed, and a stay based on Tran's other case, the Arrest Conviction, would be particularly burdensome to him. Tran objects to Kersey's motion, arguing that the affirmance was made in error and that she will be pursuing additional appeals.

Under Federal Rule of Evidence 201, a court may take judicial notice of a fact "that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determination from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201 (2018). Courts readily take judicial notice of "undisputed matters of public record" and "documents on file in federal or state courts." *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). The court may take judicial notice of an opinion filed in another case to determine what issues were before that court and what was actually litigated. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

The Oregon Court of Appeal judgment is a matter of public record and, therefore, is appropriate for judicial notice. The appellate court's decision is relevant to Tran's motion to stay,

because it supports that the grounds Tran asserts to justify the stay applies only to the arresting defendants, Kuehl and Toops, and does not apply to Kersey. Hence, the court judicially notices that Tran's Zoning Conviction was affirmed.

*Legal Standard*

Federal courts may, but are not constitutionally required to, stay civil lawsuits because of criminal proceedings. *Fed'l Sav. & Loan Ins. Co. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). When the related criminal proceeding is an appeal challenging a criminal conviction, a stay is generally inappropriate. *Doe v. City of San Diego*, No. 12-CV-689-MMA-DHB, 2012 WL 6115663, at *2 (S.D. Cal. Dec. 10, 2012). To determine whether a stay is appropriate, courts "consider the extent to which the defendant's Fifth Amendment rights are implicated." *Molinaro*, 889 F.2d at 903. Courts also consider other case-specific factors, including:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id.* (quoting *Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980)).

Additionally, the court holds pro se pleadings to a less strict standard than those drafted by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Specifically, the court construes the pleadings liberally and gives the pro se plaintiff the benefit of any doubt. *Butler v. Long*, 752 F.3d 1177, 1180 (9th Cir. 2014).

*Discussion*

Tran moves to stay her federal lawsuit until the resolution of her Arrest Conviction appeal. She asserts that, under the *Molinaro* factors, because her § 1983 claim arises from the same circumstances that lead to her criminal conviction, in the interest of justice, a stay is necessary to protect her Fifth Amendment rights. Tran emphasizes that she would be prejudiced absent a stay, and that the stay will not burden the defendants.

Applying the *Molinaro* analysis to the facts of this case, the court first considers whether Tran's Fifth Amendment rights are implicated. Tran argues the potential for her retrial following a successful appeal implicates her Fifth Amendment rights because the subject matter of the instant civil proceeding and her criminal prosecution overlaps.

Tran's argument that her Fifth Amendment rights would be affected absent a stay misconstrues *Molinaro*. The Fifth Amendment rights with which *Molinaro* is concerned are discussed in *Securities and Exchange Comm'n v. Dresser Indus.*, where the court explained that the relevant Fifth Amendment concern is that a defendant to a criminal proceeding might be forced to self-incriminate in a subsequent civil suit. *SEC v. Dresser Indus.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980). "The noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case." *Id*. Here, Tran is the plaintiff, not the defendant, to the civil suit. Therefore, there is little risk of her being forced to self-incriminate, so her Fifth Amendment rights are not implicated. *See also U.S. v. Kordel*, 397 U.S. 1, 11–12 (1970) (holding Fifth Amendment rights not violated when goal of civil action was not to obtain evidence for a

related criminal prosecution).

Turning to the subsequent *Molinaro* factors, any prejudice Tran would experience absent a stay is undermined by its contingency on an uncertain event — the ultimate success of her criminal appeal. The contingency and remoteness of a future retrial, or dismissal of the charges against Tran, substantially diminish the potential prejudice toward her while proceeding with the case. *See Sec. & Exch. Comm'n v. Braslau*, No. 14-01290-ODW (AJWX), 2015 WL 9591482, at *4 (C.D. Cal. Dec. 29, 2015); *Taylor v. Ron's Liquor Inc.*, No. C-10-00694-SL 2011 WL 499944, at *2, *4 (N.D. Cal. Feb. 8, 2011) ("[W]here trial in the parallel criminal proceeding has concluded, and a conviction is being challenged on appeal, the analysis shifts against staying the civil proceedings.").

Conversely, the potential burden that would be imposed on the Defendants weighs against a stay. Tran initiated this action in April 2016. Nineteen months later, post-conviction, she seeks to stay her own suit. The length of litigation has been compounded by Tran's four requests for extensions of time. A stay at this point would further, and unduly, burden the Defendants in an already lengthy litigation. The burden imposed on Kersey would be particularly great, because he was not a part of the Arrest Conviction currently on appeal, and because the Zoning Conviction, in which he was involved, has since been affirmed by the state appellate court.

With respect to the efficient use of judicial resources, staying the case would detrimentally affect the court's caseload management, making a stay inappropriate. *See Molinaro*, 889 F.2d at 903 ("[T]he court has an interest in clearing its docket"). Finally, the parties do not argue, nor does the court observe, any third-party or public interests in staying or proceeding with this lawsuit.

Defendants ignore the *Molinaro* factors, instead arguing the proper standard as to whether to stay the case is dictated instead by *Heck* and *Wallace*. *Wallace v. Kato*, 549 U.S. 384 (2007);

*Heck v. Humphery*, 512 U.S. 477 (1994). Defendants assert that not only is a stay not permitted under *Wallace*, but *Heck* also requires dismissal of Tran's case.

In *Heck v. Humphery*, the Supreme Court held:

> [W]hen a [plaintiff] seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486–87. In *Wallace*, the Court added that "[i]f a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace*, 549 U.S. at 393–94.

Here, the stay procedures *Wallace* establishes do not apply. *Wallace* focuses solely on stays for pre-conviction parallel civil proceedings. Because Tran has already been convicted, *Wallace* does not govern her stay request. Instead, the *Molinaro* factors stated above guide Tran's motion to stay. Though *Heck* may be implicated in the pending motions to dismiss, that issue is not presently before the court and therefore consideration of the matter would be premature.

The court concludes that any prejudice Tran would suffer without a stay is contingent on the success of her Arrest Conviction appeal. In contrast, the prejudice to the Defendants in prolonging the case against them and the detriment to the court's case-management interest is direct and certain. While the court expresses no opinion on the merits of Tran's appeals, the attenuated future potential for Tran to prevail in her criminal appeal is an insufficient basis for staying this lawsuit.

Tran's conviction remains valid and a stay would substantially burden the Defendants and

the court's judicial economy. Therefore, the court declines to exercise its discretion to order a stay.

*Conclusion*

For the reasons stated above, the court GRANTS Kersey's request for judicial notice, ECF No. 114, and DENIES Tran's motion to stay, ECF No. 107.

IT IS SO ORDERED.

DATED this 13th day of August, 2018.

    /s/John V. Acosta
    JOHN V. ACOSTA
    United States Magistrate Judge